UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PNC BANK, NATIONAL ASSOCIATION,

Plaintiff(s),

v.

NAVJOT AHLUWALIA,

Defendant(s).
_____/

No. C-14-05672 DMR

**ORDER REASSIGNING CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION TO REMAND TO SUPERIOR COURT OF CALIFORNIA**

Defendant Navjot Ahluwalia ("Defendant") removed this case pursuant to 28 U.S.C. § 1441 from Contra Costa County Superior Court, where it was pending as a complaint for unlawful detainer against Defendant. The Notice of Removal states that removal is proper because diversity exists between the parties. (Notice of Removal ¶ 3.)

When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). The parties have not yet filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the court issues herein a Report and Recommendation and reassigns this case to a District Judge for final disposition, with the recommendation that summary remand be

ordered.

## I. Procedural History

On December 31, 2014, Defendant removed this action, Case No. PS14-0459, from Contra Cost County Superior Court. It appears that this is the third time Defendant has removed this unlawful detainer action from Superior Court. Defendant removed the same case, No. PS14-0459, from Contra Costa County Superior Court on July 8, 2014. *See PNC Bank, N.A. v. Ahluwalia*, No. 14-3086 MMC (N.D. Cal.). It was remanded on August 1, 2014. Defendant again removed Case No. PS 14-0459 to this Court on October 22, 2014, *see PNC Bank, N.A. v. Ahluwalia*, No. 14-4693 JST (N.D. Cal.), and it was remanded on December 1, 2014.

## II. Discussion

A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. "[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses . . . ." *Ochoa v. Interbrew Am., Inc*., 999 F.2d 626, 629 (2d Cir. 1993). Potential defenses to all or part of a plaintiff's claim do not affect the amount in controversy, because the defense may be shown to be invalid. *See Riggins v. Riggins*, 415 F.2d 1259, 1261-1262 (9th Cir. 1969) (that statute of limitations defense might bar portion of relief sought did not affect amount in controversy). Similarly, the amount in controversy is determined without regard to any counterclaim to which a defendant may be entitled. *See Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

Defendant avers that this case fulfills the diversity jurisdiction requirements, and claims that the amount in controversy in this case exceeds $75,000. (Notice of Removal ¶¶ 3, 5-7.) However, the notice of removal states that Defendant is a resident of California and that Plaintiff is a California corporation. (Notice of Removal ¶¶ 5, 6.) Therefore, the parties are not diverse. Further, the face of the complaint for unlawful detainer unequivocally places its demand "UNDER $10,000." (Compl.) In unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy, and, pursuant to California

Code of Civil Procedure section 86(a)(4), an unlawful detainer is a limited civil action where the "whole amount of damages claimed" must be "twenty-five thousand dollars ($25,000) or less." Cal. Civ. Pro. § 86(a)(4). Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions only where the amount in controversy, exclusive of interest and costs, exceeds $75,000. Further, possession of the real property is the sole issue in the Complaint. The value of the property is irrelevant to the issue of possession. Accordingly, there is no basis for exercising diversity jurisdiction over the unlawful detainer action.

### III. Conclusion

For the reasons above, the court recommends that this action be remanded to the Contra Cost County Superior Court and that the Clerk be ordered to close the case file. The Clerk is directed to reassign this case to a District Judge.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

IT IS SO ORDERED.

Dated: January 9, 2015



_____
DONNA M. RYU
United States Magistrate Judge

3